[S.F. No. 23787. June 30, 1978.]

CLYDE W. STITT et al., Petitioners, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

John H. Boone and Boone, Shatzel, Hamrick & Knudsen for Petitioners.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## Opinion

**THE COURT.—** ■ Petitioners seek to disqualify a State Bar hearing officer. There is ample reason for ordering that he be disqualified. Our view is that (1) he should have recused himself; (2) the referee appointed to hear the matter erred when he ruled that petitioners failed to sustain their burden of proof; and (3) the State Bar itself should have confessed error prior to oral argument in this court.

The issue is whether, in a disciplinary proceeding, a State Bar hearing officer is subject to disqualification when her or his law partner and the attorneys being investigated are opposing counsel in a lawsuit that is unrelated to the disciplinary proceeding. On June 7, one day before oral argument here, the State Bar addressed a letter to this court as follows: "This will advise you that the State Bar Disciplinary Board, at its regularly-scheduled meeting in Los Angeles on June 6, 1978, adopted the following Rule of Practice which is effective immediately:

"B.4 A Committee or Panel member assigned to a particular matter shall recuse himself or herself if he or she, or a law firm with which he or she is affiliated, is, or represents, a party to pending litigation with the respondent, or the law firm with which respondent is affiliated."

■ California Rules of Procedure of the State Bar, rule 7.10, which purports to deal with disqualification generally, is by no means a complete codification of the pre-June 6th rules.[1] Indeed the due process clauses themselves may require more. (See *Gibson* v. *Berryhill* (1973) 411 U.S. 564, 579 [36 L.Ed.2d 488, 500, 93 S.Ct. 1689]: "[T]he financial stake need not be as direct or positive as it appeared to be in *Tumey* [273 U.S. 510 (71 L.Ed. 749, 47 S.Ct. 437, 50 A.L.R. 1243)]. It has also come to be the prevailing view that '[m]ost of the law concerning disqualification because of interest applies with equal force to . . . administrative adjudicators.' ") And many judicial canons seem applicable. (See particularly the comment Compliance with the Code of Judicial Conduct that is appended to the 1974 California Code of Judicial Conduct.) Further there are questions regarding the applicability of rules for lawyers' conduct that, in this case, the State Bar appears to have ignored. (See, e.g., canons 5 and 9 of the ABA Code of Prof. Responsibility; and note also the apparent disclosure to his law partner of confidential information by the hearing officer here.)

---

[1] The dictum to the contrary in *Schullman* v. *State Bar* (1973) 10 Cal.3d 526, 536 [111 Cal.Rptr. 161, 516 P.2d 865], footnote 4, is disapproved.

We have been informed that the new June 6th rule applies only to trial-type hearings. There is no justification for allowing hearing officers who preside over more informal proceedings (e.g., the preliminary examination in this case) to be governed by standards of impartiality that are less stringent than those governing formal adjudicators.

The matter is returned to the State Bar for appropriate action.